UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN DIVISION

TRAVIS KLEIN,

    Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, CAPITAL ONE BANK (USA), N.A. and RADIUS GLOBAL SOLUTIONS, LLC,

    Defendants.
_____/

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TRAVIS KLEIN (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendants, Experian Information Solutions, Inc. (hereinafter "Experian"), Trans Union LLC (hereinafter "Trans Union"), Capital One Bank (USA), N.A. (hereinafter "Capital One") and Radius Global Solutions, LLC (hereinafter "Radius") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and the Federal Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq.* ("FCRA") and the Federal Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

2. Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC, Trans Union LLC, and Experian Information Solutions, Inc.

3. Consumer reporting agencies that create consumer reports, like Equifax Information Services, LLC, Trans Union LLC, and Experian Information Solutions, Inc. are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities like Capital One or Radius, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information, here Capital One and Radius. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1).

8. Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and the Defendants transact business within this District.

9. The Plaintiff is a natural person and resident of the State of New Jersey, residing in Atlantic County, New Jersey.

10. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

11. Upon information and belief, Experian is a corporation headquartered in the State of California, authorized to do business in the State of New Jersey.

12. Upon information and belief, Experian is a "consumer reporting agency," as defined in 15 USC § 1681(f).

13. Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

14. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

15. Upon information and belief, Trans Union is a corporation headquartered in the State of Illinois, authorized to do business in the State of New Jersey.

16. Upon information and belief, Trans Union is a "consumer reporting agency," as defined in 15 USC § 1681(f).

17. Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18. Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19. Capital One is a national association collecting an alleged obligation which arises out of personal, family or household transactions.

20. Capital One is a national association that was attempting to collect an alleged consumer debt from Plaintiff.

21. Capital One is a national association headquartered in the State of Virginia, authorized to do business in the State of New Jersey

22. Capital One is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

23. Capital One is a "debt collector" as defined in 15 U.S.C. § 1692a(6).

24. Upon information and belief, Radius is a corporation headquartered in the State of Minnesota, authorized to do business in the State of New Jersey.

25. Radius is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

26. Radius is a "debt collector" as defined in 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

27. Plaintiff is a natural person who is alleged to owe a debt to Capital One for a credit card debt.

28. That same alleged debt was later transferred/sold to Radius.

29. Plaintiff never had dealings with Capital One or subsequently, Radius.

30. Experian and Trans Union are both reporting that Plaintiff owes an alleged debt to Capital One.

31. Experian and Trans Union are both reporting that the alleged Capital One debt is charged off.

32. In or about October 2019, the Plaintiff mailed a written dispute letter to Experian concerning the inaccurate reporting of the Capital One and Capital Bank accounts.

33. In or about October 2019, the Plaintiff mailed a written dispute letter to Trans Union concerning the inaccurate reporting of the Capital One and Capital Bank accounts.

34. In the aforementioned letters, Plaintiff explained in detail that the Capital One and Capital Bank accounts did not belong to him.

35. On or about October 29, 2019, Experian responded to the dispute with a refusal to even respond to Plaintiff's dispute because they had previously reviewed his dispute.

36. Experian had previously "verified" that these erroneous accounts belonged to Plaintiff.

37. Experian's October 29, 2019, dispute response had the effect of verifying these accounts again, even when Experian refused to conduct an investigation.

38. On or about October 29, 2019, Trans Union responded to the dispute stating that the Capital One and Capital Bank accounts were "verified as accurate."

39. Again, in or about January 2020, the Plaintiff mailed a written dispute letter to Experian concerning the inaccurate reporting of the Capital One and Capital Bank accounts.

40. Again, in or about January 2020, the Plaintiff mailed a written dispute letter to Trans Union concerning the inaccurate reporting of the Capital One and Capital Bank accounts.

41. In the aforementioned letters, Plaintiff once again explained in detail that the Capital One and Capital Bank accounts did not belong to him.

42. On or about January 30, 2020, Trans Union responded to the dispute with a refusal to even respond to Plaintiff's dispute because they had previously reviewed his dispute.

43. Trans Union's January 30, 2020 dispute response had the effect of verifying this account again, even when Trans Union refused to conduct an investigation.

44. On or about February 6, 2020, Experian responded to the dispute stating that the Plaintiff's request to block information from Capital One due to identity theft was declined due to the fact that the request "was made in error," or, "was based on a material misrepresentation,"

or, Plaintiff "knowingly obtained or should have known that you obtained possession of goods, services, or moneys as a result of one or more of the transactions that you are trying to block."

45. On or about February 25, 2020, Experian responded to the dispute stating that "the credit grantor requests that you contact them directly."

46. On or about February 12, 2020, Radius sent a settlement offer letter to Plaintiff attempting to collect on the debt for creditor, Capital One.

47. A reasonable investigation by Radius would have revealed that they have never had any business with Plaintiff.

48. Upon information and belief, Experian notified Capital One of Plaintiff's dispute of the account.

49. Upon information and belief, Trans Union notified Capital One of Plaintiff's dispute of the account.

50. None of the letters Plaintiff sent to Experian and/or Trans Union provided any relief for Plaintiff.

51. Capital One is disclosing the existence of this inaccurate debt to collection agencies in an attempt to collect the debt.

52. Upon information and belief, Capital One, to this date, has never informed Experian that Plaintiff is not the responsible party for the alleged debt.

53. Upon information and belief, Capital One to this date, has never informed Trans Union that Plaintiff is not the responsible party for the alleged debt.

54. Plaintiff has never had any business with Capital One.

55. A reasonable investigation by Capital One would have revealed that they have never had any business with Plaintiff.

56. Before Plaintiff formally disputed the alleged accounts with the CRA's, Plaintiff spoke with an agent/representative of Capital One and tried to explain that he was not the responsible party.

57. A reasonable investigation by Capital One would have discovered this phone call, supporting Plaintiff's contentions.

58. Upon information and belief, Capital One merely took a quick glance at the account in question without doing any actual investigation.

59. Upon information and belief, Experian kept the inaccurate account on Plaintiff's credit report despite being notified that Plaintiff was not the responsible party for the alleged debt.

60. Upon information and belief, to date, Experian has failed to report the proper information on Plaintiff's credit report despite having been given ample notice of its error.

61. Upon information and belief, Trans Union kept the inaccurate account on Plaintiff's credit report despite being notified that Plaintiff was not the responsible party for the alleged debt.

62. Upon information and belief, to date, Trans Union has failed to report the proper information on Plaintiff's credit report despite having been given ample notice of its error.

63. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i. Delayed purchasing of an automobile;

    ii. Delayed in establishing his own residence;

    iii. Monies lost by attempting to fix his credit;

    iv. Loss of time;

    v.    Mental anguish, stress, aggravation, and other related impairments to the enjoyment of life.

64. All conditions precedent to the filing of this action have occurred.

## COUNT I
### Violation of the FCRA § 1681s-2(b) by Capital One Bank (USA), N.A.

65. Plaintiff restates and incorporates his allegations in paragraphs one (1) through sixty-four (64), including subparts, as if fully set forth herein.

66. Capital One is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher" as codified at 15 U.S.C. § 1681s-2.

67. Capital One published false information about Plaintiff owing a debt, to Experian and Trans Union and through Experian and Trans Union to Plaintiff's potential lenders.

68. Capital One violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of the alleged debt owed; by failing to review all relevant information regarding same; by failing to accurately respond to Experian and Trans Union; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Capital One representations to the consumer reporting agencies.

69. Capital One violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Experian and Trans Union after Capital One had been notified of the dispute and that the information was inaccurate.

70. Capital One did not have any reasonable basis to believe that Plaintiff was responsible for the debt allegedly owed. It also had substantial evidence by which to have verified that Plaintiff was not the responsible party. Capital One knowingly chose to follow

procedures which did not review, confirm or verify who the responsible party was for the debt in question. Further, even if Capital One would attempt to plead ignorance, it had all of the evidence and information with which to recognize and confirm Plaintiff was not the liable party.

71. As a result of Capital One's conduct, action and inaction, Plaintiff suffered damage by loss of time due to Plaintiff's attempts to correct the inaccurate information; stress; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials. Plaintiff has also been delayed in being able to establish his own residence because of the inaccurate reporting by Capital One.

72. Capital One's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, CAPITAL ONE BANK (USA), N.A., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## <u>COUNT II</u>
### Violation of the FDCPA by Radius Global Solutions, LLC

73. Plaintiff restates and incorporates his allegations in paragraphs one (1) through sixty-four (64), including subparts, as if fully set forth herein.

74. At all times relevant to this action, Radius was subject to and required to abide by 15 U.S.C. § 1692 *et seq.*

75. Radius violated 15 U.S.C. §§ 1692e(2)(a) and 1692e(8) by falsely representing the character, amount, or legal status of a debt,  and by communicating to any person credit

9

information which is known or which should be known to be false, all in an attempt to collect a debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, RADIUS GLOBAL SOLUTIONS, LLC, for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### Violation of the FCRA § 1681i(a) by Defendant Experian Information Solutions, Inc.

76. Plaintiff restates and incorporates his allegations in paragraphs one (1) through sixty-four (64), including subparts, as if fully set forth herein.

77. Experian violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and delete the item from Plaintiff's credit file. Experian failed to conduct any independent investigation and relied upon verification from a source it knows could be unreliable.

78. Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff and by failing to request any account level information from Capital One regarding the alleged debt owed.

79. Experian violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

80. As a result of Experian's violations of 15 U.S.C. § 1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, delay in obtaining credit to purchase an automobile and establish his own residence because of the inaccurate reporting, embarrassment, humiliation and other mental and emotional distress.

81. Experian's violations were willful, rendering Experian liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

82. In the alternative, Experian was negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

83. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**WHEREFORE**, Plaintiff demands a trial by jury, judgment and compensatory and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT IV
**Violation of the FCRA § 1681e(b) by Defendant Experian Information Solutions, Inc.**

84. Plaintiff restates and incorporates his allegations in paragraphs one (1) through sixty-four (64), including subparts, as if fully set forth herein.

85. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained concerning Plaintiff.

86. As a result of Experian's violations of 15 U.S.C. § 1681e(b) Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

87. Experian's violations were willful, rendering it individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

88. In the alternative, Experian was negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

89. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**WHEREFORE**, Plaintiff demands a trial by jury, judgment and compensatory and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT V
### Violation of the FCRA § 1681i(a) by Defendant Trans Union LLC

90. Plaintiff restates and incorporates his allegations in paragraphs one (1) through sixty-four (64), including subparts, as if fully set forth herein.

91. Trans Union violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and delete the item from Plaintiff's credit file. Trans Union failed to conduct any independent investigation and relied upon verification from a source it knows could be unreliable.

92. Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff and by failing to request any account level information from Capital One regarding the alleged debt owed.

93. Trans Union violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

94. As a result of Trans Union's violations of 15 U.S.C. § 1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, delay in obtaining credit to establish his own residence because of the inaccurate reporting, embarrassment, humiliation and other mental and emotional distress.

95. Trans Union's violations were willful, rendering Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

96. In the alternative, Trans Union was negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

97. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**WHEREFORE**, Plaintiff demands a trial by jury, judgment and compensatory and punitive damages against Defendant, TRANS UNION LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT VI
### Violation of the FCRA § 1681e(b) by Defendant Trans Union LLC

98. Plaintiff restates and incorporates his allegations in paragraphs one (1) through sixty-four (64), including subparts, as if fully set forth herein.

99. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained concerning Plaintiff.

100. As a result of Trans Union's violations of 15 U.S.C. § 1681e(b) Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

101. Trans Union's violations were willful, rendering it individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

102. In the alternative, Trans Union was negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

103. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**WHEREFORE**, Plaintiff demands a trial by jury, judgment and compensatory and punitive damages against Defendant, TRANS UNION LLC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

Respectfully submitted,

*/s/ Alan J. Borowsky*
Alan J. Borowsky, Esquire
PA ID# 308700/NJ ID# 023052010
Morgan & Morgan, P.A.
1800 John F Kennedy Blvd
Suite 1401
Philadelphia, PA 19103
Telephone: (215) 861-0502
Primary Email: ABorowsky@ForThePeople.com
JKneeland@ForThePeople.com
LCrouch@ForThePeople.com
*Attorney for Plaintiff*